UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MAXIMUS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TWIN CITY FIRE INSURANCE CO. )<br>and AXIS REINSURANCE CO., )<br>)<br>Defendants. )<br>) | No. 1:11cv1231 (LMB/TRJ) |

**JOINT DISCOVERY PLAN**

Pursuant to Rule 26(f), the parties submit this report and Joint Discovery Plan:

1. ***RULE 26(f) CONFERENCE:*** The parties held an initial Rule 26(f) conference by telephone on January 18, 2012, attended by Michael K. Lowman and Craig C. Reilly for plaintiff, and Eric S. Connuck and Colleen M. Meringolo for defendant Twin City Fire Insurance Co., and Justin E. Klein and Sara Gilbert for defendant Axis Reinsurance Co.

2. ***INITIAL DISCLOSURES:*** The parties agree that initial disclosures need not be served in this case.

3. ***JOINDER OF PARTIES:*** The parties do not anticipate the joinder of additional parties, but any motion for joinder must be filed no later than March 2, 2012.

4. ***AMENDMENT OF PLEADINGS:*** Any motion for amendment of pleadings must be filed no later than March 2, 2012.

5. ***PROTECTIVE ORDER:*** The parties will work together to submit a stipulated protective order by January 27, 2012, or if agreed, upon such further date as is mutually agreeable. Should they fail to agree on the form of order, the matter shall be brought before the Court by

motion filed no later than February 3, 2012, for hearing on February 10, 2012.  Until the protective order is entered, all documents shall be produced and received on a counsel's-eyes-only basis.

6. **DISCOVERY LIMITATIONS:**  All discovery, including supplementation thereof, will be conducted in accordance with the *Federal Rules of Civil Procedure*, the *Local Civil Rules of the Eastern District of Virginia*, and the Court's January 5, 2012 *Order* (Doc. 28).

7. **EXPERT DISCOVERY:**  Expert discovery will be conducted according to the schedule set forth in Local Civil Rule 26(D).

8. **PRESERVATION OF ELECTRONIC FILES AND DATA:**  Counsel shall make their respective clients aware of their obligations regarding preservation of discoverable information.

9. **PRODUCTION OF ELECTRONIC FILES AND DATA AND OTHER DISCOVERABLE MATERIALS:**  The parties will work together to submit a stipulated order governing the production of electronically stored information ("ESI") by January 27, 2012, or if agreed, upon such further date as is mutually agreeable.  Should they fail to agree on the form of ESI order, the matter shall be brought before the Court by motion filed no later than February 3, 2012, for hearing on February 10, 2012.

10. **ASSERTION OF PRIVILEGES AND PROTECTIONS OF TRIAL PREPARATION MATERIALS:**

*Assertion of Privilege or Protections of Trial Preparation Materials:*  Unless otherwise agreed, the parties shall serve an applicable privilege log pursuant to Rule 26(b)(5) within twenty-one (21) days after each production of documents.

*Timing of Productions:*  In light of the volume of materials at issue, the parties shall be allowed to make rolling productions of responsive documents, provided that each wave of production is produced within a reasonable time and subject to the date for substantial

completion of all document productions, which date shall be negotiated and included in the ESI order.

***PLAINTIFF PROPOSES TO INCLUDE THE FOLLOWING PROVISION, ON WHICH DEFENDANTS HAVE NOT YET TAKEN A POSITION:***

*Production of Materials Subject to a Claim of Privilege or Protection*:  The parties' document productions are subject to the parties' rights under the *Stipulated Protective Order*, the practices of this Court, Rule 26(b)(5), and Evidence Rule 502.  The mere act of production of material that the producing party contends is privileged or protected shall not be deemed a waiver of any privilege or protection.  Upon discovering the production of privileged or protected material, the producing party shall promptly make a specific request its return.  The receiving party shall promptly return that material (and all copies thereof) or certify its destruction; in doing so, however, the receiving party may note that it disputes whether the material is privileged or protected.  In the event of a dispute (i) the disputed material shall be preserved by the producing party, (ii) either party may file a motion seeking relief from the Court, and (iii) the producing party shall bear the burden of proving that the materials or information at issue should be treated as privileged or protected material, and that there otherwise has been no waiver.  Pursuant to Rule 502 of the Federal Rules of Civil Procedure, the act of production in this litigation, shall not be deemed a waiver of applicable privilege in any other state or federal proceeding.

11.   SERVICE OF PLEADINGS, MOTIONS, OTHER PAPERS AND DISCOVERY REQUESTS AND RESPONSES:  All pleadings, motions, and other papers that are filed are to be served on the other party electronically as provided by the Federal Rules and local rules.  In addition, the parties agree to serve by e-mail all discovery requests and written responses and any other papers that are

not filed.  The serving party shall attach any such discovery requests and responses and papers that are not filed in "Portable Document Format" (that is, PDF or ".pdf") or other form of electronic file; service by e-mail prior to 6:00 p.m., Eastern Time shall be the equivalent of service by hand that day for the purposes of Rules 5 and 6.  If transmission of voluminous materials (such as a compilation of attachments or transcripts) as an e-mail attachment is impractical, then those materials shall be served by overnight delivery via a service with the ability to "track" deliveries and verify receipt.  If service by overnight courier has been used for papers, it will be the equivalent of service by hand on the day of receipt.

12. *SETTLEMENT:*  The parties do not believe that settlement mediation will be helpful at this time.

13. *TRIAL BY MAGISTRATE JUDGE:*  The parties do not consent to trial before a Magistrate Judge.

14. *APPEARANCE BY TELEPHONE:*  If the Court will permit it, Joseph G. Finnerty, III (212-335-4800) for Twin City Insurance Co., and Justin E. Klein (212-404-8706) for Axis Reinsurance Co., request leave to appear by telephone.

**[SIGNATURES ON NEXT PAGE]**

Respectfully submitted this 18th day of January 2012,

| | |
|---|---|
| /s/ Craig C. Reilly<br>Craig C. Reilly, Esq. (VSB #20942)<br>111 Oronoco Street<br>Alexandria, Virginia 22314<br>TEL: (703) 549-5354<br>FAX: (703) 549-2604<br>EMAIL: craig.reilly@ccreillylaw.com<br>*Counsel for plaintiff Maximus, Inc.*<br><br>*Of Counsel for plaintiff Maximus, Inc.:*<br><br>Michael K. Lowman (VSB # 41663)<br>mlowman@jenner.com<br>Matthew Jacobs (admitted *pro hac vice*)<br>mjacobs@jenner.com<br>JENNER & BLOCK LLP<br>1099 New York Ave., N.W., Suite 900<br>Washington, D.C. 20001<br>Phone:  202-639-6000<br>Fax:  202-639-6066 | /s/ Charles B. Wayne<br>Charles B. Wayne<br>charles.wayne@dlapiper.com<br>DLA PIPER LLP (US)<br>500 8th Street, N.W.<br>Washington, D.C. 20004<br>(202) 799-4253<br>(202) 799-5253 (fax)<br>*Counsel for defendant Twin City Fire Insurance Co.*<br><br>*Of Counsel for defendant Twin City Fire Insurance Co.:*<br><br>Joseph G. Finnerty III (admitted *pro hac vice*)<br>Eric S. Connuck (admitted *pro hac vice*)<br>DLA PIPER LLP (US)<br>1251 Avenue of the Americas<br>New York, New York 10020<br>(212) 335-4500 |
| | /s/ Stephen R. Pickard<br>Stephen R. Pickard<br>115 Oronoco Street<br>Alexandria, VA 22314<br>(703) 836-3505<br>(703) 836-3558<br>srpickard@aol.com<br>*Counsel for defendant Axis Reinsurance Co.* |
| | *Of Counsel for defendant Axis Reinsurance Co.:*<br>SATTERLEE STEPHENS BURKE<br>& BURKE LLP<br>James F. Rittinger (admitted *pro hac vice*)<br>Justin E. Klein (admitted *pro hac vice*)<br>230 Park Avenue<br>New York, New York 10169<br>(212) 818-9200 (Phone)<br>(212) 818-9606 (Fax) |