IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

MAXIMUS, INC.

        Plaintiff,

v.

TWIN CITY FIRE INSURANCE CO. and
AXIS REINSURANCE CO.

        Defendants.

Case No. 1:11CV1231-LMB/TRJ

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' EMERGENCY MOTION FOR CONTINUANCE

After hours on Friday, January 20, 2012, Defendants filed an "emergency" motion for a continuance of the February 3, 2012 hearing on plaintiff's motion to dismiss Count I of the defendants' counterclaims (Doc. 34).  Defendants'  motion for a continuance should be summarily denied.  Plaintiff's motion to dismiss was filed a week ago, the hearing is two weeks from now, and Defendants' brief in opposition is not due until January 27.  Plainly, there is no "emergency," just a further effort at delay by Defendants.  And as is shown below, "good cause" for a continuance has not been established in any event.

### STATEMENT OF THE CASE

On November 10, 2011, plaintiff, Maximus, Inc. ("Maximus"), filed this breach of contract action against Defendants ("Twin City" and "Axis") to obtain damages under excess insurance policies Defendants had issued to Maximus (Doc. 1).  Maximus alleges that it suffered an insured loss of about $78 million as a result of the litigation and settlement of an underlying dispute.  Maximus has settled coverage disputes with the primary insurer and lower-tier excess

1

insurers, and now seeks coverage from Axis and Twin City, the final two excess insurers in its "coverage tower."

After obtaining a three-week extension of time to respond to Plaintiff's complaint (Doc. 12), defendants each filed answers, twenty-one affirmative defenses, and *seven* counterclaims (Doc. 22 & 24).  The counterclaims dispute fact-intensive coverage issues.  For example, both defendants seek declaratory judgments that they owe no coverage because "[the] total amount of Maximus' settlement exceeds a reasonable assessment of Maximus' exposure to liability and was based on factors unrelated to Maximus' exposure" (Doc. 22, Twin City Counterclaim, Count VII ¶ 82; Doc. 24, Axis Counterclaim Count VII ¶ 81).

Count I of each counterclaim, however, presents a pivotal and discrete issue of law: whether Maximus has exhausted primary and lower-tier coverage before seeking to recover on these excess insurance policies.  Culling out that pure issue of law, Maximus filed a motion to dismiss Count I of each counterclaim (Doc. 29).  The hearing on Maximus' motion to dismiss is currently scheduled for February 3, 2012.

The Court issued an initial scheduling order on January 5, 2012 (Doc. 28).  That order directed that discovery could commence upon entry of that order, and both Defendants have served expansive discovery requests seeking "all" documents regarding the litigation and settlement of the underlying dispute and the settlements with the primary and lower-tier excess insurers (Exhibits A & B).

In compliance with the directives of that order, the parties held a Rule 26(f) conference on January 18 (after Plaintiff had filed its motion to dismiss) and filed a joint discovery plan (Doc. 33).  At no time during the Rule 26(f) conference did defense counsel raise the issue of

continuing Maximus' pending motion to dismiss, or advise Maximus that they intended to file an early motion for summary judgment on all claims and counterclaims.

On Friday afternoon, January 20, however, defense counsel raised these scheduling issues for the first time in a short phone call—but even then, defense counsel did not disclose that Defendants planned to file a motion for a continuance that very day, let alone an "emergency" motion. After considering the scheduling proposal, Maximus' counsel called back at mid-afternoon to decline the proposal, and heard nothing further from Defendants by close of business on Friday. The "emergency" motion was then filed at 10:33 p.m. on Friday night.

## ARGUMENT

Defendants "emergency" motion for a continuance should be denied. A motion for a continuance is addressed to the Court's discretion. *Kalos v. Law Offices of Eugene A. Seidel, P.A.*, No. 109:cv833 (JCC), 2009 U.S. Dist LEXIS 99489, *10 (E.D. Va. Oct. 26, 2009). The Local Rules state that "[n]o continuance will be granted other than for good cause" and "[a]ny requests for an extension of time relating to motions . . . in general[] will be looked upon with disfavor." E.D. Va. Civil Rule 7(G) & 7(I); *Kalos*, at *10 (same). It is not "good cause" to continue a motion that is "ripe for decision" simply because the other party states its intention to file more motions that it would like to have heard with the pending motion. *Kalos*, at *17. Accordingly, Defendants have failed to demonstrate good cause justifying the continuance.

In an attempt to justify this emergency continuance, Defendants assert that, two weeks from now, they intend to file an omnibus summary judgment motion on "all" claims and counterclaims in this case, and contend that the Court's consideration of Maximus' motion to dismiss should be delayed until that summary judgment motion is fully briefed (Doc. 34, Emergency Motion ¶ 3). Defendants' argument fails for several reasons.

3

***First***, Defendants have not established an "emergency" warranting a last-minute continuance. The sole reason Defendants are requesting a schedule change at this late date is that Defendants have again shifted their litigation strategy. After being served with the Complaint, Defendants sought a three week extension of time for Defendants to respond because they were contemplating filing motions to dismiss, which extension the Court granted. (Doc. 9, 12). On December 22, 2011, however, they filed answers and counterclaims rather than any dispositive motions.

Thereafter, the Defendants served expansive discovery requests on Maximus, and the parties held a Rule 26(f) conference and filed a joint discovery plan with the Court on January 18, 2012. In their plan, the parties agreed to a "rolling production" of the voluminous responsive documents sought by Defendants, and agreed to "work together to submit a stipulated order governing the production of electronically stored information" (Doc. 33). At no time during those discussions did Defendants indicate that discovery was unnecessary or that they intended to file early summary judgment motions.

Now, Defendants have changed tactics yet again – they have decided that discovery may be unnecessary after all and that they would like to file some form of omnibus motion for summary judgment two weeks from now. This self-serving strategic shift is hardly an "emergency" and is not "good cause" to cancel an already-scheduled hearing.

***Second***, Defendants are simply wrong in suggesting that postponing the hearing on Maximus' pending motion to dismiss Count I of the counterclaims would promote "[j]udicial economy" (Doc. 34, Emergency Motion ¶ 5). Maximus' motion to dismiss presents a narrowly focused, pure issue of law. No facts are at issue, and there is absolutely no overlap with any other legal or factual issue in the case. As a matter of New York law, Count I – the main defense

that Defendants' have asserted in prior efforts to resolve this dispute – should be dismissed (Doc. 29 & 30).  It would be in the interest of judicial economy for the Court to resolve the threshold issue raised by Maximus' motion to dismiss, rather than face what is anticipated to become a significant briefing effort on every fact and non-fact based issue in the case simultaneously.[1]

**Third**, Defendants ask that the Court defer consideration of Maximus' motion until Defendants file their omnibus summary judgment motion on "all claims" in this case (Doc. 34, Emergency Motion ¶ 3).  That as-yet unfiled omnibus motion will apparently include briefing on all counterclaims – seven by each Defendant – as well as an unknown number of the twenty-one affirmative defenses asserted by each Defendant.  Moreover, some of those counterclaims are highly factual in nature.  As shown above, Count VII would entail an extensive factual analysis of the entire underlying dispute and the resulting settlement.  Likewise, Count V of each counterclaim asserts that "the record shows that Maximus' subcontract with Accenture was unprofitable and Maximus' resolution of its obligations under the contract provided a substantial benefit to Maximus by eliminating future losses" (Doc. 22, Twin City Counterclaim, Count V ¶ 70; Doc. 24, Axis Counterclaim Count V ¶ 69).  Maximus vigorously disputes Defendants' interpretation of "the record."   More importantly, however, there is no basis on which Defendants can now reasonably and responsibly advise the Court to hold up the rest of the case in the interests of "judicial economy" because they expect to file summary judgment motions on either of those fact-intensive counterclaims, when Plaintiff's motion to dismiss presents an identified, pure issue of law for the Court's attention.

---

[1]  Exhaustion is a pivotal issue.  Indeed, should Defendants prevail on the exhaustion issue, the case would be over.  That Defendants seek to delay the hearing on that issue, therefore, speaks volumes.

**Fourth**, by rule, the Court must allow sufficient time to the nonmovant for discovery before granting a motion for summary judgment. Fed. R. Civ. P. 56(d)(2). Because Maximus has not had the chance for any discovery, Defendants' summary judgment motion would be premature. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (holding that summary judgment should be granted only "after adequate time for discovery"). Significantly, although Defendants' Counterclaim I (which is subject to Maximus' pending motion to dismiss) presents a pure issue of law, certain counterclaims brought by Defendants present factual issues that will require discovery, such as counterclaim Count VII asserted by both Defendants, which asserts that the damages incurred by Maximus in its settlement of the underlying three-party litigation was unreasonably high. Maximus intends to seek discovery from Defendants regarding their position on the settlement at the time it was executed, and why they now assert that the settlement was somehow "unreasonable" at that time. Given that the Court may well end up deferring Defendants' summary judgment motions on the ground that they are premature, it is difficult to see how delaying the currently-scheduled hearing on a pure issue of law will promote judicial economy.

## CONCLUSION

For the reasons argued above, Maximus respectfully requests that the Court deny Defendants' emergency motion for a continuance.

Dated: January 23, 2012.                    /s/ Craig C. Reilly
                                            Craig C. Reilly, Esq. (VSB # 20942)
                                            111 Oronoco Street
                                            Alexandria, Virginia 22314
                                            TEL:   (703) 549-5354
                                            FAX:   (703) 549-2604
                                            EMAIL: craig.reilly@ccreillylaw.com
                                            *Counsel for plaintiff Maximus, Inc.*

6

*Of Counsel for plaintiff Maximus, Inc.:*

Michael K. Lowman (VSB # 41663)
mlowman@jenner.com
Matthew Jacobs (admitted *pro hac vice*)
mjacobs@jenner.com
JENNER & BLOCK LLP
1099 New York Ave., N.W., Suite 900
Washington, D.C. 20001
Phone:  202-639-6000
Fax:  202-639-6066

## CERTIFICATE OF SERVICE

I hereby certify that on this 23 day of January, 2012, a true and correct copy of the foregoing pleading or paper was served using the Court's CM/ECF system, with electronic notification of such filing to the following counsel of record:

Charles B. Wayne
charles.wayne@dlapiper.com
DLA PIPER LLP (US)
500 8th Street, N.W.
Washington, D.C. 20004
(202) 799-4253
(202) 799-5253 (fax)
*Counsel for defendant Twin City Fire Insurance Co.*

Stephen R. Pickard
115 Oronoco Street
Alexandria, VA 22314
(703) 836-3505
(703) 836-3558
srpickard@aol.com
*Counsel for defendant Axis Reinsurance Co.*

*Of Counsel:*
Joseph G. Finnerty III
(admitted *pro hac vice*)
Eric S. Connuck (admitted *pro hac vice*)
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020
(212) 335-4500
*Counsel for defendant Twin City Fire Insurance Co.*

*Of Counsel:*
James F. Rittinger (admitted *pro hac vice*)
Justin E. Klein (admitted *pro hac vice*)
SATTERLEE STEPHENS BURKE & BURKE LLP
230 Park Avenue
New York, New York 10169
(212) 818-9200 (Phone)
(212) 818-9606 (Fax)
*Counsel for defendant Axis Reinsurance Co.*

/s/ Craig C. Reilly
Craig C. Reilly VSB # 20942
111 Oronoco Street
Alexandria, Virginia 22314
TEL:   (703) 549-5354
FAX:   (703) 549-2604
EMAIL: craig.reilly@ccreillylaw.com
*Counsel for plaintiff Maximus, Inc.*