UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| MAXIMUS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:11cv1231 (LMB/TRJ) |
| | ) | |
| TWIN CITY FIRE INSURANCE CO. | ) | |
| and AXIS REINSURANCE CO., | ) | |
| | ) | |
| Defendants. | ) | |

**TWIN CITY FIRE INSURANCE COMPANY'S**
**FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS**

Defendant Twin City Fire Insurance Company ("Defendant" or "Twin City"), pursuant to Rule 34 of the Federal Rules of Civil Procedure, requests that Plaintiff Maximus, Inc. ("Plaintiff" or "Maximus") respond to this document request and produce the documents described below for inspection and copying on or before February 6, 2012 at 10:00 a.m. at the offices of DLA Piper LLP (US), One Fountain Square, 11911 Freedom Drive Suite 300, Reston, VA 20190-5602.

**INSTRUCTIONS AND DEFINITIONS**

1.  These requests for production of documents are continuing in character and require Maximus to supplement its production if it obtains additional, responsive documents at a later time.

2.  The documents to be produced are those described below that are in the possession, custody, or control of Maximus and its respective agents, employees, attorneys, accountants, or other representatives.

EXHIBIT A

3.  If any document requested herein is claimed to be privileged or otherwise not producible or subject to disclosure, identify the document (stating title, author, date, type of document, addressee(s), and recipient(s)); state the basis for the claim of privilege or other ground for exclusion in sufficient detail so as to permit a court to adjudicate the validity of the refusal to produce the document; and identify all persons who have had access to the document or the information contained therein and all persons who have possession of the document.

4.  If any document otherwise subject to production pursuant to these requests has been destroyed or discarded, for each such document, provide the title, author, date, type of document (*e.g.*, letter, memorandum), addressee(s) and recipient(s), the date on which it was destroyed or discarded, and the reason for destroying or discarding the document.

5.  "Document" means any and all material that is written, printed, typed, photographed, recorded (electrically, electronically, magnetically, graphically, or otherwise) or which is capable of being recorded in any form, and is subject to production under Rule 34 of the Federal Rules of Civil Procedure. The term includes, but is not limited to, papers, books, records, letters, photographs, tangible things, correspondence, communications, telegrams, cables, telex messages, facsimile transmissions, memoranda, notes, notations, workpapers, manuscripts, logs, transcripts, minutes, reports and recordings of telephone or other conversations, or of interviews, or of conferences, or of other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, jottings, agenda, bulletins, notices, announcements, advertisements, instructions, charts, manuals, brochures, publications, schedules, price lists, client lists, journals, statistical records, desk calendars, appointment books, diaries, lists, tabulations, sound recordings, electronic mail messages ("e-mail"), computer files, computer printouts, data processing program libraries, data

processing input and output, microfilm, books of accounts, records and invoices reflecting business operations, all records kept by electronic, photographic, or mechanical means, any notes or drafts relating to the foregoing, all things similar to any of the foregoing, however denominated, and any non-identical copies of such documents (*i.e.*, those bearing notations or marks not found on the original document). The term also includes any and all files and information from any computer, notebook, or laptop computer, personal digital assistant (e.g., Blackberry Palm Pilot), cellular phone, personal music player (e.g., iPod), file server, minicomputer, mainframe computer, or other storage device, including, but not limited to, hard disk drives, "flash" or "zip" drives, or backup or archival tapes (whether stored on-site or at an off-site storage facility) containing information or data of any type. The term encompasses all forms and manifestations of electronically-stored and/or retrieved electronic information, including, but not limited to, e-mail. It also includes all relevant files that are still on the storage media, but that are erased but recoverable.

6.   All documents are to be produced as they are kept in the usual course of business so that one can ascertain the files in which they were located, their relative order in the files and how the files were maintained. If responsive documents are kept together in the usual course of business, they should be so produced, in order to fairly reveal and not to distort the nature of your filing and record keeping system.

7.   Unless a contrary agreement is reached in connection with the Joint Discovery Plan, the production shall be produced in accordance with the guidelines provided in Appendix A.

EXHIBIT A

8. "Accenture" means Accenture LLP and any of its officers, directors, employees, attorneys, representatives, consultants and experts, as well as any person acting or purporting to act on its behalf.

9. "AISLIC" means American International Specialty Lines Insurance Company and any of its officers, directors, employees, attorneys, representatives, consultants and experts, as well as any person acting or purporting to act on its behalf.

10. "Arbitration" means the arbitration proceedings commenced by Maximus against Accenture and the counterclaim filed by Accenture against Maximus.

11. "Axis" means Axis Reinsurance Company and any of its officers, directors, employees, attorneys, representatives, consultants and experts, as well as any person acting or purporting to act on its behalf.

12. "Beazley" means Syndicates 2623/623 at Lloyd's, London and any of its officers, directors, employees, attorneys, representatives, consultants and experts, as well as any person acting or purporting to act on its behalf.

13. "Claim" means claim number 06386554 submitted by Maximus to Twin City concerning the Underlying Dispute.

14. "Complaint" means the complaint filed by Maximus on November 20, 2011 in the United States District Court for the Eastern District of Virginia, Alexandria Division.

15. "Counterclaims" means the answer, defenses and counterclaims filed by Twin City on December 22, 2011.

16. "Executive Risk" means Executive Risk Indemnity Inc. and any of its officers, directors, employees, attorneys, representatives, consultants and experts, as well as any person acting or purporting to act on its behalf.

EXHIBIT A

17. "HHSC" means the State of Texas Health and Human Services Commission and any of its officers, directors, employees, attorneys, representatives, consultants and experts, as well as any person acting or purporting to act on its behalf.

18. "Insurers" means AISLIC, Axis, Beazley, Executive Risk and Twin City.

19. The terms "Maximus," "you" or "your," mean plaintiff Maximus, Inc. and any of its officers, directors, employees, attorneys, representatives, consultants and experts, as well as any person acting or purporting to act on its behalf and/or whose files or documents are within their possession, custody or control.

20. "Project" means all and any part of the Texas Integrated Eligibility and Enrollment project.

21. "Settlement Agreement" means the agreement entered into between HHSC, Accenture and Maximus on December 12, 2008 settling the Underlying Dispute.

22. "Subcontract" means the June 25, 2005 Subcontract Agreement (including all incorporated documents, amendments and change orders) entered into by and between Accenture and Maximus.

23. "Twin City" means defendant Twin City Fire Insurance. Co., and any of its officers, directors, employees, attorneys, representatives, consultants and experts, as well as any person acting or purporting to act on its behalf.

24. "Underlying Dispute" means the disagreements and claims between Accenture, Maximus and HHSC relating to the Project and/or the Subcontract, including those asserted in the Arbitration.

EXHIBIT A

25.     "Person" means an individual or entity of any type, including, a natural person, a government (or an agency thereof), a quasi-public entity, a corporation, a partnership, a group, a mutual or joint venture, and any other form of organization or association.

26.     "Communication" means any exchange of information whether written, oral, electronic, or otherwise, including, but not limited to, conversations, discussions, negotiations, letters, correspondences, e-mails, messages, notes, contacts, or anything similar to the foregoing.

27.     "Concerning" means reflecting, concerning, embodying, evidencing, relating to, mentioning, supporting or having any connection with or bearing upon, directly or indirectly, the matter set forth in the given document request.

28.     The terms "Relate" or "Relating to" mean relevant to, commenting upon, concerning, containing, embodying, reflecting, describing, evidencing, constituting, referring to, or used in connection with, and should be construed in the broadest sense.

29.     The words "or," "and," "all," "every," "any," "each," "one or more," "including," and similar words of guidance, are intended merely as such, and should not be construed as words of limitation.  The words "or" and "and" shall include each other whenever possible to expand, not restrict, the scope of the request.  The word "including" shall not be used to limit any general category or description that precedes it.  The words "all," "every," "any," "each," and "one or more" shall include each other whenever possible to expand, not restrict, the scope of the request. The term "including" shall mean including but not limited to.

30.     Any word stated in the singular shall also be taken in the plural, and vice versa.

31.     Any verb stated in the present tense shall also be taken in the past, future, and perfect tenses. Any verb stated in the past tense shall also be taken in the present, future, and perfect tenses.

- 6 -

32. Any pronoun in the masculine gender shall also be taken in the feminine gender, and vice versa.

33. If, in answering these requests, you encounter any ambiguities construing either a question, instruction, or definition, set forth the matter deemed ambiguous and the construction used in answering.

34. Unless otherwise specified, the time period for each request is January 1, 2004 to the present.

## DOCUMENTS REQUESTED

1. All documents concerning the resolution of the Underlying Dispute involving Accenture and HHSC.

2. All documents concerning the services performed by Maximus as a subcontractor to Accenture under the Project.

3. All documents concerning the "various problems" arising out of the Project referenced in paragraph 12 of the Complaint.

4. All documents filed in the Arbitration with Accenture.

5. All documents exchanged between Maximus and Accenture in the Arbitration.

6. All documents concerning alleged "errors and omissions" by Maximus in connection with the Project as alleged in paragraph 12 of the Complaint.

7. All documents concerning communications between Maximus and Accenture or HHSC regarding the Underlying Dispute, including settlement of the Underlying Dispute.

8. All documents concerning communications between Accenture and HHSC regarding the Underlying Dispute, including settlement of the Underlying Dispute.

9. All documents concerning the "forgiven invoices" referenced in paragraph 15 of the Complaint.

10. All documents concerning the "service credits" referenced in paragraph 15 of the Complaint.

11. All documents concerning the legal fees referenced in paragraph 15 of the Complaint, including invoices.

12. All documents concerning Maximus' settlement with AISLIC, including AISLIC's payment to Maximus.

13. All documents concerning Maximus' settlement with Executive Risk, including Executive Risk's payment to Maximus.

14. All documents concerning Maximus' settlement with Beazley, including Beazley's payment to Maximus.

15. All documents concerning communications between Maximus and any of its Insurers regarding the Underlying Dispute and/or settlement of the Underlying Dispute.

16. All documents concerning Maximus' procurement of Errors & Omissions insurance policies from its Insurers.

17. All documents concerning the Claim.

18. All documents concerning communications with Accenture about Maximus' unpaid invoices, including the reasons for Accenture's and/or HHSC's failure to pay.

19. All documents concerning communications with HHSC about Maximus' unpaid invoices, including the reasons for Accenture's and/or HHSC's failure to pay.

20. All documents concerning Maximus' determination in 2007 to write off (or establish a reserve against receivables for) the unpaid invoices on its reported financial statements.

EXHIBIT A

21. All documents concerning communications with Ernst & Young (or any other external auditor) about the Project, the Underlying Dispute and/or the determination to write off the unpaid invoices, including the characterization of any of these matters in Maximus' reported financial statements.

22. All documents concerning Maximus' assessment of its liability exposure to Accenture and/or HHSC in the Underlying Dispute, including its reasons for settling the Underlying Dispute.

23. All documents concerning future losses avoided by Maximus upon termination of its Subcontract, including communications with Ernst & Young (or any other external auditor).

24. All documents concerning revenue or profits obtained by Maximus under the contract it entered into with HHSC following the termination of the Subcontract and resolution of the Underlying Dispute.

25. All documents concerning the work done by Maximus at issue in the unpaid invoices.

26. All documents concerning notices of default issued in connection with the Project.

27. All documents concerning communications with Maximus' board of directors about the Underlying Dispute and/or the settlement of the Underlying Dispute, including agendas, presentations and meeting minutes.

28. All documents concerning the language in paragraph 12 of the Settlement Agreement stating that the amounts paid by Maximus in the settlement "are for the reimbursement for transition and unwind costs contemplated hereby and are not settlement payments for actual, punitive or liquidated damages."

EXHIBIT A

29. To the extent not covered by the above, all documents that support, contradict or otherwise relate to any allegation set forth in the Complaint or Counterclaims.

Dated: January 6, 2012        By   /s/ Charles B. Wayne /cmm

Charles B. Wayne (#24954)
DLA Piper LLP (US)
500 8th Street, N.W.
Washington, D.C. 20004
(202) 799-4253
(202) 799-5253 (fax)
charles.wayne@dlapiper.com

Of Counsel:

Joseph G. Finnerty III (admitted *pro hac vice*)
Eric S. Connuck (admitted *pro hac vice*)
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020
(212) 335-4500

Attorneys for Defendant Twin City Fire Insurance Company

**EXHIBIT A**

## APPENDIX A

**PROVIDE TO DLA:**

- Provide a dat with metadata fields.
- Provide an accompanying Opticon load file.
- Provide single page tiffs.
- Provide document level full text OCR files, named the same as the begbates.
- Provide native files for Excel, named the same as the begbates.

**DAT file fields:**
  Beg Prod
  End Prod
  Beg Prod Attach
  End Prod Attach
  Image count
  Doc Extension
  To
  From
  CC
  BCC
  DATE SENT
  TIME SENT
  DATE RECEIVED
  TIME RECEIVED
  Date Created
  Time Created
  Date Last Modified
  Time Last Modified
  FILE SIZE
  SUBJECT (Email)
  Filename
  MD5 Hash
  EntryID
  Extracted Text (Text Path)
  FILE_PATH (Native File Path)

**Images Format:**
Image files shall be single page Standard Group 4 Tiff.
Images shall be named by the bates number.
Images shall be grouped in folders of not more than 1500 images per folder.

**Concordance Dat File Delimiters:**
Text (comma): ASCII 020
Field (quote): ASCII 254

EXHIBIT A

Record (newline): ASCII 174
Multi-value delimiter: ASCII 059 (semi-colon)
Field names as first line of data file.

**Opticon Log File:**
The format of the log file shall be standard Opticon format.
Example formal: ABC-123,DOCS1,D:\DOCS1\001\ ABC-123.tif,Y,,,4
Format is: Alias ,CDVolume, Path and tiff name,document indicator, box indicator, folder indicator, page count
Preference is a single log file per CDVolume or a master log file per delivery.

- 12 -

EXHIBIT A