**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| MAXIMUS, INC. <br><br>               Plaintiff, <br>       v. <br><br> TWIN CITY FIRE INSURANCE CO. AND AXIS REINSURANCE CO., <br><br>               Defendants. | Case No. 1:11CV1231-LMB/TRJ |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR EMERGENCY MOTION TO CONTINUE THE HEARING ON PLAINTIFF'S MOTION TO DISMISS**

Defendants, through undersigned counsel, respectfully submit this reply in support of their joint emergency motion to continue the February 3, 2012 hearing on plaintiff's motion to dismiss one of defendants' counterclaims.

Defendants' joint motion presents a straightforward request to order a single consolidated briefing schedule on plaintiff's motion to dismiss and the motion for summary judgment that defendants will be filing. Defendants' proposed consolidated schedule will extend the deadline for defendants' opposition to plaintiffs' motion to dismiss by a single week from January 27, 2012 to February 3, 2012. It will also preserve judicial resources by eliminating the need for separate briefing and hearings on multiple motions for judgment as a matter of law by creating a single briefing schedule and a single hearing on both motions on a single date.[1] Unlike

---

[1] Defendants requested plaintiff's counsel consent to a briefing schedule and continuance on the morning of January 20, 2012, immediately after the defendants agreed on their joint strategy of filing a motion for summary judgment. That afternoon, in a one-sentence voicemail, plaintiff's counsel stated that plaintiff would not consent to the proposed briefing schedule or continuance without providing any explanation or reason. Defendants then filed the instant motion on an emergency basis in the late evening so that plaintiff would have time to respond quickly before defendants' opposition to the motion to dismiss was due on January 27, 2012. Notwithstanding plaintiff's suggestion that appropriate courtesies were not extended, in fact, the briefing schedule takes into account local

plaintiff's motion to dismiss, which addresses only one of defendants' seven counterclaims, defendants' forthcoming summary judgment motion – if resolved favorably for defendants – will dispose of this action in its entirety as a matter of law.

Plaintiff muddies the waters in its opposition by choosing to speculate on the merits of a summary judgment motion that it has not yet even seen. Plaintiff thus misses the point of the motion entirely. Defendants' motion simply raises a scheduling issue and is intended to preserve judicial resources by limiting the number of briefs submitted by the parties. It advances judicial efficiency by allowing the Court to hear all dispositive motions on the same date.

Plaintiff also attempts to make much of the fact that defendants have served discovery requests. This point too is misplaced. The Court has ordered the parties to complete discovery by April 13, 2012. Defendants are prepared to present what they believe are compelling arguments that this case is now ripe for summary judgment dismissing the case <u>in toto</u>, but they well recognize that none of the parties now have the luxury of deferring discovery for even another month in the event that the Court might conclude otherwise.

Finally, plaintiff relies on a single inapposite case as support for the argument about whether there is good cause here for a continuance. <u>Kalos v. Law Offices of Eugene A. Seidel, P.A.</u>, No. 1:09cv833 (JCC), 2009 U.S. Dist LEXIS 99489 (E.D. Va. Oct. 26, 2009). <u>Kalos</u> in fact supports defendants' request for a briefing schedule and a continuance under the circumstances presented here. In <u>Kalos</u>, the court declined to adjourn a scheduled hearing date on a motion to dismiss because:

(1)     all briefing relating to the motion to dismiss to be argued on that date had already been submitted;

---

counsel's stated unavailability on February 24, 2012, which was mentioned during the initial telephone conference on January 20.

  (2)  the court determined that the additional motions to strike that had already been filed and reviewed by the Court prior to resolving the motion to continue were summarily without merit; and

  (3)  any additional briefing on the motions to strike would be unnecessary.

The court explicitly premised its holding on the need to promote judicial efficiency and to avoid "further burden [to] Defendants and this judicial system with superfluous and avertible filings…." Kalos, 2009 U.S. Dist LEXIS 99489, at *17.

  Here, unlike Kalos, briefing on plaintiff's motion to dismiss one of seven counterclaims has just begun. Neither of the defendants' opposition memoranda, nor plaintiff's reply memorandum (on the plaintiff's surprise motion to dismiss a single counterclaim) has been filed, and those briefs are indeed not yet due to be filed. As well, here, unlike Kalos, notwithstanding plaintiff's inaccurate speculation about the summary judgment motion that defendants are about to file, the Court has no information or argument to weigh in determining the merits of defendants' motion for the simple reason that the motion has not yet been filed. Finally, defendants' motion seeks to avoid "avertable filings." The scheduling order proposed by defendants would consolidate the briefing schedule and reduce the number of submissions to the Court.

  Accordingly, it is judicially efficient to consolidate the briefing schedule and the hearing date on both dispositive motions, and defendants respectfully request that the Court continue the hearing on plaintiffs' motion to dismiss and order the briefing schedule proposed by defendants.

            Respectfully submitted,

            By: /s/ Charles B. Wayne
              Charles B. Wayne (# 24954)
            DLA PIPER LLP (US)
            500 8th Street, N.W.
            Washington, D.C. 20004
            (202) 799-4253
            (202) 799-5253 (fax)

charles.wayne@dlapiper.com

Of Counsel:

Joseph G. Finnerty III (admitted *pro hac vice*)
Eric S. Connuck (admitted *pro hac vice*)
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020
(212) 335-4500

*Attorneys for Defendant and Counterclaimant*
*Twin City Fire Insurance Company*


By:_____/s/ Stephen R. Pickard_____
     Stephen R. Pickard, Esq.
Stephen R. Pickard P.C.
VA Bar # 16374
115 Oronoco Street
Alexandria, VA  22314
(703) 836-3505
(703) 836-3558 (Fax)
srpickard@aol.com
*Attorney for Defendant*
*AXIS Reinsurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of January, 2012, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Craig Crandall Reilly
law Office of Craig C. Reilly
111 Oronoco St.
Alexandria, VA  22314
703-549-5354
Fax:  703-549-2604
Email:  craig.reilly@ccreillylaw.com

Michael Keith Lowman
Jenner & Block LLP
1099 New York Ave., NW
Suite 900
Washington DC  20001-4412
202-639-6000
Email:  mlowman@jenner.com

By:  /s/ Charles B. Wayne
       Charles B. Wayne (# 24954)
DLA PIPER LLP (US)
500 8th Street, N.W.
Washington, D.C. 20004
(202) 799-4253
(202) 799-5253 (fax)
charles.wayne@dlapiper.com