**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| MAXIMUS, INC.,<br><br>    Plaintiff,<br>  v.<br><br><br>TWIN CITY FIRE INSURANCE CO. AND AXIS REINSURANCE CO.,<br><br>    Defendants. | Case No. 1:11CV1231-LMB/TRJ<br><br>**DEFENDANT AXIS REINSURANCE COMPANY'S MOTION FOR LEAVE TO FILE A SUMMARY JUDGMENT MOTION** |

  COMES NOW Defendant Axis Reinsurance Company ("Axis"), by Counsel, and hereby moves the Court under Rule 56(C) of the Local Rules for the United States District Court for the Eastern District of Virginia for an Order granting Axis leave to file a summary judgment motion for the reasons set forth below. Accompanying this Motion is a suggested Order and the proposed motion for summary judgment, the accompanying memorandum of law and suggested Order granting summary judgment.

  On March 12, 2012, the Court granted Maximus, Inc.'s ("Maximus") motion to dismiss Axis' first counterclaim holding that "Maximus' settlements with the underlying insurers for less than the full limits of their respective policies and agreeing to fill the gap so that the policy limits have been reached satisfies the Axis Policy's exhaustion requirement." See Memorandum Opinion at 16. While Axis respectfully disagrees with the Court's decision, it recognizes that the Court has reached its determination that the underlying policies were exhausted when Maximus entered into the below limits settlements. In light of this holding that the underlying policies were exhausted, there is a condition precedent in the Axis Excess Policy that precludes coverage here as a matter of law.

1383766_1

Specifically, Maximus failed to advise Axis in writing (much less at all) within 30 days of each of its settlements with the underlying insurers that those underlying insurers' respective policies had been exhausted. This written notice requirement is an express condition precedent to coverage under the Axis Excess Policy:

> III. CONDITIONS OF COVERAGE
>
> B. As a condition precedent to coverage under this Policy, the Insured shall give to the Insurer as soon as practicable, but in no event later than thirty (30) days thereafter, written notice and the full particulars of i) the exhaustion of the aggregate limit of liability of any Underlying Insurance,
> . . .

See Axis Excess Policy at III.B. A copy of the Axis Excess Policy is annexed hereto as Exhibit A. The Axis Excess Policy defines Underlying Insurance to mean "each insurance policy which constitutes all or part of an Insurance Product, as scheduled in Endorsement No. 1 to this Policy." Id. at II.I.

Here, it is undisputed that Maximus settled below limits with each of the underlying insurers: (1) AISLIC on December 12, 2008; (2) Executive Risk on May 27, 2009; and (3) Beazley on March 24, 2010. Maximus did not advise Axis that any of these underlying policies had been exhausted by these settlements until May 5, 2010. Thus, Maximus' claim fails because it did not satisfy the express condition precedent in the Axis Excess Policy having not advised Axis in writing within 30 days of any of its settlements with each of these underlying insurers.

Accordingly, because the Court's March 12, 2012 Memorandum Opinion expressly holds (as Maximus argued in its motion to dismiss) that the below limits settlements exhausted each of the underlying policies, Axis seeks leave of the Court to file the accompanying motion for summary judgment on this additional legal ground that was not ripe until the Court's decision holding that the underlying policies had been exhausted.

Respectfully submitted,

           Stephen R. Pickard
           On behalf of the Defendant Axis Reinsurance Co.

| | |
|---|---|
| By: /s/<br>Stephen R. Pickard, Esq.<br>Stephen R. Pickard P.C.<br>VA Bar # 16374<br>115 Oronoco Street<br>Alexandria, VA 22314<br>(703) 836-3505<br>(703) 836-3558 (Fax)<br>srpickard@aol.com | SATTERLEE STEPHENS BURKE &<br>BURKE LLP<br>James F. Rittinger*<br>Justin E. Klein*<br>230 Park Avenue<br>New York, NY 10169<br>(212) 818-9200<br>(212) 818-9606 (Fax)<br>*Admitted pro hac vice<br>Attorneys for Defendant Axis Reinsurance Co. |

1383766_1

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of March, 2012, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Craig Crandall Reilly
Law Office of Craig C. Reilly
111 Oronoco St.
Alexandria, VA  22314
703-549-5354
Fax:  703-549-2604
Email:  craig.reilly@ccreillylaw.com

Michael Keith Lowman
Jenner & Block LLP
1099 New York Ave., NW
Suite 900
Washington DC  20001-4412
202-639-6000
Email:  mlowman@jenner.com

                                                           By:     /s/
                                                           Stephen R. Pickard, Esq.
                                                           Stephen R. Pickard P.C.
                                                           VA Bar # 16374
                                                           115 Oronoco Street
                                                           Alexandria, VA 22314
                                                           (703) 836-3505
                                                           (703) 836-3558 (Fax)
                                                           srpickard@aol.com
                                                           Attorney for Defendant