**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| MAXIMUS, INC.<br><br>          Plaintiff,<br><br>v.<br><br>TWIN CITY FIRE INSURANCE CO.,<br>AXIS REINSURANCE CO.<br><br>          Defendants. | Case No. 1:11CV1231-LMB/TRJ |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

A mere three days before the hearing on its summary judgment motion, Defendant Axis Reinsurance Co. ("Axis") has filed a hastily-prepared, second motion for summary judgment (Doc. 69 – 69-5). Its latest theory is that Maximus failed to comply with an alleged "condition precedent" to coverage – namely, that it must give notice to Axis within 30 days of "the exhaustion of the aggregate limit of liability of any Underlying Insurance." According to Axis, because Maximus had settled with all of its below-limits insurers as of March 24, 2010, it had a duty to submit a notice of claim to Axis as of April 23, 2010 – notwithstanding that Maximus had provided notice to Axis of the Settlement Agreement with HHSC and Accenture (the "Settlement Agreement"), which was in an amount that exhausted all the underlying aggregate insurance policy limits, *over a year earlier* on December 11, 2008. And, Axis contends, because

1

Maximus submitted its notice of claim on May 5, 2010 – ostensibly twelve days late – it has forfeited its excess coverage.

Axis' second motion for summary judgment should be denied. First, Axis has waived its argument in three different ways. It failed to plead this purported "condition precedent" as an affirmative defense in its Answer, in violation of Rule 9(c) of the Federal Rules of Civil Procedure; it failed to identify this "condition precedent" in its response to Maximus' contention interrogatories; and it failed to include its argument in its first motion for summary judgment, which is being heard by the Court tomorrow, March 16. Axis' excuse – that this dubious defense was not "ripe" until the Court's ruling on Maximus' motion to dismiss – is contrary to the bedrock rule of American civil litigation that a party must assert all of its contentions, and may plead arguments in the alternative. Indeed, the Federal Rules of Civil Procedure are designed to encourage the full airing of positions and prevent trial-by-ambush – which is precisely what Axis has attempted to do here. The Court should not reward Axis' attempt to sidestep the Federal Rules.

On the merits, Axis' strained argument is baseless. Under Virginia law, a mere violation of a notice requirement is insufficient to forfeit insurance coverage. Rather, Axis has the burden to demonstrate a "substantial and material" violation. *State Farm Fire & Casualty Co. v. Walton*, 423 S.E.2d 188, 192 (Va. 1992). Given that Axis is complaining about a purported 12-day delay in written notice, even though it already had actual notice for over 16 months of both the Settlement Agreement and the below-limits settlements with the insurers, Axis cannot conceivably show there was a "substantial and material" violation.

Axis also complains that it was prejudiced by the lack of notice because Maximus' actions somehow robbed it of the opportunity to be involved in global settlement negotiations.

But this post hoc argument is illogical given that, under Axis' own theory, Axis was not entitled to notice until *after* Maximus negotiated settlements with its underlying insurers. It is also factually untrue, given that Maximus initiated settlement negotiations with Axis in November 2008, before the Settlement Agreement was even signed. Axis offers no evidence that it was prepared to contribute to a "global settlement" then or thereafter. And, as the record shows, Maximus had been negotiating with Axis and the other hold-out for two years before suit was filed, during which time Axis made no offer of settlement. Thus, Axis cannot credibly argue now that it would have settled then if only it had been given the chance.

In sum, Axis' second summary judgment motion is without merit. It should be denied summarily.

## II.   LOCAL CIVIL RULE 56(B) LISTING OF DISPUTED FACTS

Pursuant to Local Civil Rule 56(B), Maximus disputes the following purportedly uncontested facts asserted by Axis:

Axis Facts #5 and #6: These Axis Facts are misleading. Axis had extensive notice of Maximus' claim for coverage arising out of the December 2008 Settlement Agreement. As Axis acknowledges in its Answer, Maximus provided Axis with a draft of the final Settlement Agreement with HHSC and Accenture (the "Settlement Agreement") on December 11, 2008, before Maximus even executed the Settlement Agreement. (Doc. 24, Axis' Answer, Defenses, and Counterclaims, at 19 ¶ 29, Ex. M; *see also id.* Ex. N, at 3) (noting that the Closing Date of the Settlement Agreement was December 12, 2008). Moreover, on December 11, 2008, Maximus' counsel specifically informed Axis that Maximus had entered into a below-limits settlement with AISLIC, and that Maximus' counsel anticipated that Axis would make "Qualcomm/Comerica arguments" but that Maximus was "not governed by the law applied in

those decisions."[1] (Declaration of Michael Lowman ("Lowman Dec."), Ex. A). Significantly, Maximus' counsel also stated that Maximus would negotiate a settlement with the excess insurers below Axis in the coverage tower, Executive Risk and Beazley, "very soon." (*Id.*). In February 2009, Maximus sent its insurers a letter from Bruce Perkins, its outside counsel, explaining the basis for the Settlement Agreement in detail – a letter that Axis relies on repeatedly and extensively in its first summary judgment motion. (First MSJ 7, 10, 14-16, 21-22, 25 n.10).[2] Thus, Axis was fully on notice of all pertinent details of the Settlement Agreement, and was fully on notice that Maximus was negotiating settlements with the underlying insurers in the tower, long before the purported notice requirement was triggered. Furthermore, even *before* Maximus sent Axis a letter on May 5, 2010, Axis already had received a copy of the Beazley settlement (the final settlement in the coverage tower) from Twin City. (Lowman Dec. Ex. B, at 1, 7-12).

## III. ARGUMENT

Maximus incorporates its prior statement of the summary judgment standards (Doc. 54, at 10). Those standards are applied below to show that his second motion must be denied.

### A. Axis Waived Its "Condition Precedent" Argument

Axis contends that because Maximus purportedly did not give timely notice of its claim, Maximus failed to comply with a "condition precedent to coverage." (Second MSJ 5-6). This

---

[1] "Qualcomm/Comerica" refers to *Qualcomm, Inc. v. Certain Underwriters at Lloyd's*, *London*, 73 Cal. Rptr. 3d 770 (Cal. Ct. App. 2008), and *Comerica Inc. v. Zurich Am. Ins. Co.*, 498 F. Supp. 2d 1019 (E.D. Mich. 2007). In the Court's recent memorandum opinion granting Maximus' Motion to Dismiss, the Court distinguished those two cases and concluded that Maximus' below-limits settlements exhausted the underlying insurance policies on the policy tower. (Memorandum Opinion (Doc. 67), at 9, 11-12, 14-15).

[2] "First MSJ" refers to the Memorandum of Law in support of Axis' first Motion for Summary Judgment (Doc. 48). "Second MSJ" refers to the Memorandum of Law in support of Axis' second Motion for Summary Judgment (Doc. 69-4).

argument has been waived in three different ways. First, not only does Axis have the burden of pleading its affirmative defenses in its Answer, Rule 9(c) of the Federal Rules of Civil Procedure expressly requires that "when denying that a condition precedent has occurred or been performed, a party must do so with particularity." Axis' Eleventh Affirmative Defense reads, in its entirety: "Maximus' claims are barred, in whole or in part, because Maximus has failed to perform all of its obligations or conditions precedent to coverage under the AXIS Excess Policy." This clearly does not meet the particularity requirement. *EEOC v. Serv. Temps*, No. 3:08-CV-1552-D, 2010 U.S. Dist. LEXIS 40063, at *11-12 (N.D. Tex. Apr. 22, 2010) ("A party who intends to controvert the claimant's general allegation of performance or occurrence thus is given the burden of identifying those conditions that the denying party believes are unfulfilled and wishes to put into issue") (quotation marks omitted). Axis is therefore precluded from raising its "condition precedent" argument for the first time in a *successive* summary judgment motion. *See, e.g.*, *Essential Hous. Mgmt., Inc. v. Walker*, No. 97-2150, 1998 U.S. App. LEXIS 12105, at *8 n.3 (4th Cir. 1998) ("[B]y answering EHM's complaint with a general denial, Walker waived his right to raise EHM's failure to plead the fulfillment of conditions precedent to the management agreements"); *accord EEOC*, 2010 U.S. Dist. LEXIS 40063, at *12.

Second, not only did Axis not plead this defense, in violation of the particularity requirement in Rule 9(c), Axis also failed to raise this contention during discovery when specifically asked to explain its contentions regarding the unspecified "conditions precedent" it was relying upon in its Answer. Maximus served Axis with a contention interrogatory requesting that Axis explain the basis of Axis' Eleventh Affirmative Defense, and Axis gave the following response:

> The Axis Policy plainly provides that coverage is available only after Maximus' underlying insurers have actually paid the full

5

> amount of their policies. Full actual payment by the underlying insurers therefore is a "condition precedent" to coverage under the Axis Policy and Maximus' underlying insurance was not exhausted by actual payment thereunder.

(Lowman Dec. Ex. C, at 9). Significantly, this is a different condition precedent than the condition precedent that Axis now asserts. Axis should not be permitted to hide the ball and provide an interrogatory response that is inconsistent with the position it now asserts for the first time in a second summary judgment motion. *See, e.g.*, *Int'l Intellectual Mgmt. Corp. v. Lee Yunn Enters., Inc.*, No. CV 08-7587 R, 2009 U.S. Dist. LEXIS 118448, at *11 (C.D. Cal. Dec. 21, 2009) ("[R]esponses to contention interrogatories are treated as 'judicial admissions' that estop the responding party from asserting positions omitted or different from those responses").

Third, Axis failed to include this argument in its first summary judgment motion – and its failure to do appears tactical. Although Axis did not include its new "notice" argument in its first summary judgment motion, Axis *did* include the following statement of purportedly undisputed fact:

> Axis received no response to its December 5, 2008 letter – and did not hear from Maximus at all – until approximately 17 months later, after Maximus had obtained partial payments from its underlying insurers for the cash portion of the settlement.

(First MSJ 13). This statement was not "material" to any of the arguments in Axis' summary judgment motion or to any of Axis' defenses disclosed to Maximus at the time, and Maximus did not specifically dispute it. Now, in its second motion for summary judgment, Axis has attempted to capitalize on this purported "admission" to make an entirely new argument. (Second MSJ 3). The Court should not countenance such tactics, which would only encourage sandbagging, or lead to summary judgment motions filed in seriatim by disappointed counsel as "new" arguments leapt to mind.

6

Axis argues that it was unable to assert this condition precedent prior to the Court's March 12, 2012 ruling on Maximus' Motion to Dismiss. Its theory is that, because Axis' prior position was that Maximus never exhausted its underlying insurance coverage, Axis could not argue that Maximus failed to satisfy a condition precedent that was triggered after Maximus exhausted its underlying insurance coverage. (Second MSJ 1-2). This also is illogical. Axis could easily have made both arguments in the alternative. The Federal Rules of Civil Procedure explicitly authorize a party to make arguments in the alternative, and explicitly authorize a party to "state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(2), (d)(3); *accord McIntyre-Handy v. APAC Customer Servs.*, No. 4:05cv124, 2006 U.S. Dist. LEXIS 42556, at *20-21 (E.D. Va. June 23, 2006). Thus, Axis clearly could have stated: "Maximus failed to exhaust its underlying insurance policies, and in the alternative, even if Maximus exhausted its underlying insurance policies by its below-limits settlements, Maximus failed to meet the Axis Policy's notice requirement." Axis' excuse for not raising this issue until now is simply not credible.

There is nothing unjust whatsoever about enforcing the Federal Rules of Civil Procedure in this case. Axis is attempting to invoke a default under the notice requirement that, at best, is hypertechnical – indeed, as explained below, Axis had actual notice of *all* pertinent facts over a year *before* the alleged notice requirement was even triggered. If Axis wishes to invoke a technical notice requirement, it should be required to follow the pleading and discovery rules set forth Federal Rules of Civil Procedure. The rules are designed to take the gamesmanship out of litigation, and to ensure fair and disciplined litigation of disputes on the merits with all the legal theories and facts disclosed before adjudication. Axis has failed to follow the litigation rules, even while it vigorously (but erroneously) claims that Maximus failed to give notice. Enforcing

7

the litigation rules at this stage of the action is not unfair. Axis has waived its "condition precedent" argument, and the summary judgment motion should be denied for that reason alone.[3]

### B. Axis' "Notice" Argument Fails on the Merits

Even if Axis did not waive its "late notice" argument, its argument would fail. Under Virginia law, a technical and minor violation of a notice requirement does not preclude the policyholder from obtaining insurance coverage. Rather, the insurance company must show a "substantial and material" violation of the notice requirement. *State Farm Fire and Casualty Co. v. Walton*, 423 S.E.2d 188, 192 (Va. 1992). Given that (a) Axis is complaining about a purported 12-day delay in receiving notice of a claim and that (b) Axis had notice of the claim over a year before the alleged notice requirement was even triggered, Axis cannot conceivably show that Maximus committed a "substantial and material" violation of the notice requirement.

1. Under Virginia law, only a "substantial and material" violation of a notice requirement precludes coverage.

Axis' successive summary judgment motion twice cites the case of *State Farm Fire & Cas. Co. v. Walton*, 423 S.E.2d 188 (Va. 1992), to support its contention that Maximus waived its insurance coverage by purportedly violating a notice requirement. (Second MSJ 5, 6 n.3). But a closer inspection of *Walton*, demonstrates that it is easily distinguished on the facts, and it sets forth a legal standard for notice that is favorable to Maximus, not Axis.

---

[3] Maximus notes that this Court's Local Rule 56(c) prohibits parties from filing successive summary judgment motions without leave of court. Here, the Court granted Axis' motion for leave to file a successive summary judgment motion less than one hour after Axis filed its motion, before Maximus even responded to the motion for leave. Maximus respectfully submits that Axis has not shown good cause to file a successive summary judgment motion. Moreover, should the Court be inclined to grant Axis' second motion, which Maximus respectfully submits it should not, then Maximus respectfully requests that it be given the opportunity to submit a supplemental opposition brief with additional support. Maximus has exerted a great effort to respond to the second motion in less than two business days, and seeks a more fulsome opportunity to respond if the Court may be inclined to grant the second motion.

In *Walton*, the insurance policy required the policyholder to "give written notice to us or our agent as soon as practicable" after an "accident or occurrence." *Id.* at 191. The court characterized this provision as a "condition precedent to an insurance company's liability coverage." *Id.* at 192. The policyholder did not notify the insurance company of the claim until over two years after the duty of notice arose. *Id.* at 190, 192. The court held:

> If a violation of the notice requirement is substantial and material, the insurance company need not show that it was prejudiced by such a violation. Although absence of prejudice may have a bearing on the issue of the materiality of the information that an insured should have given, when no notice is given, lack of prejudice is not an issue, and the failure to give the required notice becomes a matter of law. Under the circumstances of this case, we hold that *a delay of over two years* in complying with the provisions of the policy's listed duties after loss is, as a matter of law, such a substantial and material violation of State Farm's notice requirement that it need not show that it was prejudiced by the delayed notice.

*Id.* at 192 (citations omitted, emphasis added). Critically, the court did *not* hold that the insurer is *never* under an obligation to show prejudice when the policyholder violates a notice requirement. Rather, the court held that there was no requirement of showing prejudice only because the policyholder had committed "a substantial and material violation" of the notice requirement by delaying notice for over two years. This analysis necessarily means that when a violation occurs that is *not* "substantial and material," the insurer must demonstrate prejudice in order to prevent the policyholder from recovering.

Thus, under Virginia law, "in order for untimely notification to constitute a breach of the policy . . . the failure to notify must be substantial and material." *Penn-American Ins. Co. v. Mapp*, 461 F. Supp. 2d 442, 452 (E.D. Va. 2006). "There are three factors that bear upon the materiality of such a breach: (1) the reasonableness of the delayed notice, (2) the amount of prejudice suffered by the insurer as a result of the delay, and (3) the length of time that elapsed

before notice was given." *Id.* As long as there is no prejudice and the policyholder acts reasonably, even a lengthy delay in giving notice will not waive coverage. *See, e.g.*, *id.* at 448, 454 (holding that policyholder could obtain coverage despite two-year delay in notice because policyholder was reasonable and there was no prejudice). "The question of substantiality and materiality" is "a question of fact," and the insurer has "the burden of showing that the failure of the insured was of such a substantial and material nature as to justify the voiding of the insurance contract." *North River Ins. Co. v. Gourdine*, 135 S.E.2d 120, 125 (Va. 1964).[4]

The other cases cited by Axis are entirely consistent with these bedrock statements of Virginia insurance law. Axis twice cites *Goodwin v. Union Ins. Co.*, No. 4:06cv26, 2007 WL 582931, at *6 (E.D. Va. Feb. 20, 2007), for the proposition that "compliance with a notice requirement in an insurance policy is a condition precedent to coverage." (Second MSJ 5). But on the very same page, the court makes clear that "[t]he Virginia Supreme Court has held that an insurer need not show actual prejudice resulting from a breach of the notice *requirement where the violation is substantial and material*." *Id.* at *6. Axis also relies on *State Farm Mut. Auto. Ins. Co. v. Arghyris*, 55 S.E.2d 16 (Va. 1949) (Second MSJ 6). But there the court held that the policyholder had waived coverage because the policyholder had committed a "wilful and deliberate breach by him of a material and essential clause, whereby he repeatedly misled the

---

[4] Maximus has had no opportunity to take discovery on the question of substantiality and materiality – indeed, it did not even know that Axis was asserting this defense until Axis filed its successive summary judgment motion. As explained in this Opposition, Maximus believes that Axis' notice argument fails as a matter of law. But to the extent the Court concludes there are issues of fact, Maximus should have the right, under Fed. R. Civ. P. 56(d), to take discovery on these factual issues. Maximus has noticed a deposition for Michael Born, Axis' Vice President of Claims, on April 4, 2012. (Lowman Dec. ¶ 8). Likewise, Maximus has noticed a Fed. R. Civ. P. 30(b)(6) deposition of Axis on April 10, 2012. (*Id.*). At those depositions, Maximus intends to ask questions on whether Axis can show there was a "substantial and material" delay. (*Id.*). The depositions will take place within the Court's discovery period, which does not end until April 13, 2012 per the Scheduling Order. (*Id.*).

insurance company over a period of many months." *Id.* at 30. It further concluded that "a technical or inconsequential lack of co-operation or a misstatement to the insurer is immaterial." *Id.* at 25 (quotation marks omitted). The rest of Axis' cases are generic cases about contract or insurance law that have nothing to do with the notice requirements in insurance cases.

2. Axis cannot demonstrate a "substantial and material" violation of a notice requirement and cannot demonstrate prejudice.

Axis cannot conceivably carry its burden to show that Maximus committed a "substantial and material" violation of the notice requirement. Axis relies on Section III.B of the Axis Excess Policy, which states: "As a condition precedent to coverage under this Policy, the Insured shall give to the Insurer as soon as practicable, but in no event later than thirty (30) days thereafter, written notice and the full particulars of . . . the exhaustion of the aggregate limit of liability of any Underlying Insurance." According to Axis, a duty of notice was thus triggered on March 24, 2010, when Maximus settled with Beazley. (Second MSJ 3).[5] Axis acknowledges it received notice on May 5, 2010. (*Id.*) Thus, Axis is complaining about a delay in notice between April 23, 2010 (30 days after the Beazley settlement), and May 5, 2010 – a period of *twelve days*. This is the antithesis of the kind of "lengthy delay" that courts have deemed "substantial and material." *See Penn-America*, 461 F. Supp. 2d at 453 n.7.

Moreover, it is clear that Axis suffered no prejudice by any purported delay. First, and significantly, during the twelve-day period, Axis had actual knowledge of the underlying settlement. Indeed, on April 29, 2010, *Twin City's counsel faxed a copy of the Beazley*

---

[5] Axis seems to argue that Maximus had a duty to give notice to Axis after negotiating *each* of its underlying settlements with the underlying insurers. (Second MSJ 6). This has no basis in the policy text whatsoever, which requires notice only upon "the exhaustion of the *aggregate* limit of liability of any Underlying Insurance." At best, Axis can show that this occurred after Maximus settled with all of the insurers below Axis on the policy tower.

11

*settlement to Axis*. (Lowman Dec. Ex. B 1, 7-12).[6] Second and more fundamentally, Axis was on notice of Maximus' claim the day the Settlement Agreement was finalized – and over a year before the notice requirement was even purportedly triggered. On December 11, 2008, Maximus sent Axis an email "attach[ing] what is likely to become the final settlement agreement between the parties," and Axis responded that it had "no objections to the language of the settlement agreement." Axis Answer, Defenses, and Counterclaims (Doc. 24), Ex. M. On December 11, 2008, Maximus also informed Axis that it was entering into a below-limits settlement with AISLIC (the primary insurer), that it believed below-limits settlements were sufficient to exhaust the underlying policies, and that it was in the process of negotiating settlements with the excess insurers below Axis in the coverage tower, Executive Risk and Beazley. (Lowman Dec. Ex. A). Thus, Axis was fully aware both of the underlying insurance claim, and that Maximus had entered into a below-limits settlement with at least one of the underlying insurers, long before the purported notice requirement was ever triggered.

This is critical because, under Virginia law, the "clear purpose" of a notice provision is "is to give the insurer an opportunity to make a timely investigation of all the circumstances and to prepare an adequate defense, if necessary, on behalf of the insured." *North River Ins. Co. v. Gourdine*, 135 S.E.2d 120, 123 (Va. 1964); *accord Minn. Lawyers Mut. Ins. Co. v. Batzli*, 442 Fed. Appx. 40, 47 n.13 (4th Cir. 2011). Here, the Axis policy requires notice of "the exhaustion

---

[6] The fax from Twin City to Axis is dated April 29, 2010. (Lowman Dec. Ex. B, at 1). Maximus does not yet know the precise date that Axis had notice of the Beazley settlement, because Axis has once again short-circuited the discovery process by filing a summary judgment motion while discovery is still ongoing. As noted in Footnote 5, *supra*, Maximus has noticed a deposition for Mr. Born, who received the fax, and has noticed a Fed. R. Civ. P. 30(b)(6) deposition of Axis. (Lowman Dec. ¶ 8) Maximus will inquire at those depositions as to when Axis received notice of the below-limits settlements. (*Id.*). To the extent the Court deems Axis' notice of the Beazley settlement relevant, the motion for summary judgment should be denied under Fed. R. Civ. P. 56(d). (Lowman Dec. ¶ 8).

of the aggregate limit of liability of any Underlying Insurance." The "clear purpose" of this provision is to notify the excess insurer that the policyholder had incurred sufficient claims to deplete all the underlying policies, so that, going forward, the excess insurer could "make a timely investigation of all the circumstances." Thus, if Maximus accrued damages in a sequential series of lawsuits – $10 million here, $5 million there – and eventually depleted all the underlying policies such that Axis would insure against subsequent claims brought against Maximus, Maximus would be obligated to inform Axis, so that Axis could protect its interests. In this case, however, there was no sequential series of lawsuits. Maximus incurred $78 million in damages in a single settlement – and told all of its insurers immediately, including Axis, such that all of its insurers, including Axis, immediately had the opportunity to make "a timely investigation of all the circumstances" of the Settlement Agreement. Axis thus received all the notice that Maximus was obligated to provide.

Axis asserts that it was prejudiced because "Maximus' actions in deliberately, over a period of 17 months, individually "picking off" the underlying insurers before approaching Axis denied Axis the ability to participate in a global settlement along with these underlying insurers, or to take affirmative steps then in the form of a declaratory judgment action." (Second MSJ 6 n.3). This argument is meritless. First, the alleged 17-month period of delay is a non-sequitur, because the notice requirement was triggered upon "the exhaustion of the aggregate limit of liability of any Underlying Insurance," which under Axis' theory occurred in March 2010. Second, Axis' argument that it was denied "the ability to participate in a global settlement" makes absolutely no sense, given that Axis' theory is that *the notice requirement was not even triggered until after the settlements with the underlying insurers had occurred*. A notice from Maximus that it had already negotiated settlements with the underlying insurers would have been

13

completely unhelpful to Axis in negotiating a global settlement agreement. Indeed, the notice that Maximus provided was far more helpful to Axis than ex-post notices would have been. Maximus initiated settlement negotiations with all of its insurers as of November 2008 (First MSJ Ex. 15), and informed Axis that it was entering into settlement negotiations with Executive Risk and Beazley "very soon." (Lowman Dec. Ex. A). At that point, Axis had every opportunity to settle. It has only itself to blame for failing to do so.

Axis' present argument that it was somehow robbed of the opportunity to participate in global settlement negotiations is also completely at odds with the position it took at the time of the settlement negotiations. At that time, Axis actually threatened to sue the insurers who were settling below limits. After Maximus' counsel sent an email initiating settlement negotiations (First MSJ Ex. 15), Axis proceeded to email counsel for AISLIC, Executive Risk, and Beazley, threatening to sue each of them if they did not "pay any amount necessary, up to and including the remaining of it's [sic] policy, to effect settlement of this matter." (Lowman Dec. Ex. D, E, F). Given that Maximus proposed global settlement negotiations, and Axis' response was a contentious threat to sue the other underlying insurance companies, Axis cannot now blame Maximus for failing to conduct global settlement negotiations. Axis was invited to the discussions, but Axis slammed the door on the invitation.

In light of the foregoing, Axis simply cannot establish that there was any "substantial and material" breach of the notice requirement under Virginia's three-factor test or that it suffered any prejudice. *Penn-American*, 461 F. Supp. 2d at 452. No Virginia court has ever held that a policyholder waived insurance coverage under remotely comparable facts, and the Court should not render such a holding here.

## IV. CONCLUSION

The second motion for summary judgment should be denied.

Dated: March 15, 2012.

        /s/ Craig C. Reilly
Craig C. Reilly, Esq. (VSB # 20942)
111 Oronoco Street
Alexandria, Virginia 22314
TEL: (703) 549-5354
FAX: (703) 549-2604
EMAIL: craig.reilly@ccreillylaw.com
*Counsel for plaintiff Maximus, Inc.*

*Of Counsel for plaintiff Maximus, Inc.:*
Michael K. Lowman (VSB # 41663)
mlowman@jenner.com
Matthew Jacobs (admitted *pro hac vice*)
mjacobs@jenner.com
JENNER & BLOCK LLP
1099 New York Ave., N.W., Suite 900
Washington, D.C. 20001
Phone: 202-639-6000
Fax: 202-639-6066

CERTIFICATE OF SERVICE

       I hereby certify that on this 15th day of March 2012, a true and correct copy of the foregoing pleading or paper was served using the Court's CM/ECF system, with electronic notification of such filing to the following counsel of record:

Stephen R. Pickard
115 Oronoco Street
Alexandria, VA 22314
(703) 836-3505
(703) 836-3558
srpickard@aol.com
*Counsel for defendant Axis Reinsurance Co.*

*Of Counsel:*
James F. Rittinger (admitted *pro hac vice*)
Justin E. Klein (admitted *pro hac vice*)
SATTERLEE STEPHENS BURKE
& BURKES LLP
230 Park Avenue
New York, New York 10169
(212) 818-9200 (Phone)
(212) 818-9606 (Fax)
*Counsel for defendant Axis Reinsurance Co.*

/s/ Craig C. Reilly
Craig C. Reilly VSB # 20942
111 Oronoco Street
Alexandria, Virginia 22314
TEL:   (703) 549-5354
FAX:   (703) 549-2604
EMAIL: craig.reilly@ccreillylaw.com
*Counsel for plaintiff Maximus, Inc.*