IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| MAXIMUS, INC.<br><br>          Plaintiff,<br><br>v.<br><br>TWIN CITY FIRE INSURANCE CO.,<br>AXIS REINSURANCE CO.<br><br>          Defendants. | Case No. 1:11CV1231-LMB/TRJ |

## ANSWER TO AXIS' COUNTERCLAIMS

Plaintiff Maximus, Inc. ("Maximus"), by and through counsel, answers the counterclaims of Defendant Axis Reinsurance Company ("Axis"), as follows:

## NATURE OF THE COUNTERCLAIMS

1. Maximus denies the allegations in Paragraph 1 of the Counterclaims. Axis' allegations are mere argumentative characterizations of the facts, transactions, and documents at issue.

2. Maximus denies the allegations in Paragraph 2 of the Counterclaims. This paragraph pleads legal conclusions about Axis' exhaustion defense, which the Court has already rejected. Axis' other allegations are mere argumentative characterizations of the facts, transactions, and documents at issue.

3. Maximus denies the allegations in Paragraph 3 of the Counterclaims. Axis' allegations are mere argumentative characterizations of the facts, transactions, and documents at issue.

4. Maximus denies the allegations in Paragraph 4 of the Counterclaims. Axis' allegations are mere argumentative characterizations of the facts, transactions, and documents at issue.

5. Maximus denies the allegations in Paragraph 5 of the Counterclaims.

6. Maximus denies the allegations in Paragraph 6 of the Counterclaims.

7. Maximus admits the allegations in Paragraph 7 of the Counterclaims.

8. Maximus admits the allegations in Paragraph 8 of the Counterclaims.

9. Maximus states that the allegations in Paragraph 9 of the Counterclaims state a legal conclusion to which no response is required. To the extent that a response is required, Maximus denies the allegations of this paragraph.

10. Maximus admits the allegations in Paragraph 10 of the Counterclaims.

11. Maximus admits the allegations in Paragraph 11 of the Counterclaims.

12. Maximus denies the allegations in Paragraph 12 of the Counterclaims, except admits that Exhibits A and B are the AISLIC and Axis policies, respectively. Maximus states that the contents of those documents speak for themselves.

13. Maximus denies the allegations in Paragraph 13 of the Counterclaims, except admits that the insurance claim at issue involves an Underlying Dispute between Maximus, Accenture, and the HHSC.

14. Maximus denies the allegations in Paragraph 14 of the Counterclaims, except admits that Maximus served as the principal subcontractor on a project for the benefit of HHSC which involved the performance of services relating to the Medicare Enrollment Brokerage ("EB"), the Children's Health Insurance Program ("CHIP") and the Integrated Eligibility

program ("IE"). Maximus respectfully refers the Court to the subcontract between Maximus and Accenture for the complete contents thereof.

15. Maximus denies the allegations in Paragraph 15 of the Counterclaims.

16. Maximus denies the allegations in Paragraph 16 of the Counterclaims.

17. Maximus denies the allegations in Paragraph 17 of the Counterclaims, except admits that Accenture issued to Maximus a notice of default with respect to the IE portion of the subcontract on April 14, 2006, denies the truth of the contents of that document, and admits that a portion of the notice is attached as Exhibit C of the Counterclaim.

18. Maximus denies the allegations in Paragraph 18 of the Counterclaims, except admits that Accenture issued to Maximus a notice of default with respect to the CHIP portion of the subcontract on October 26, 2006, denies the truth of the contents of that document, and admits that a copy of the notice is attached as Exhibit D of the Counterclaim.

19. Maximus denies the allegations in Paragraph 19 of the Counterclaims as pleaded, but admits that Exhibits E and F are true and correct copies, which speak for themselves.

20. Maximus denies the allegations in Paragraph 20 of the Counterclaims as pleaded, but admits that Exhibit G is a true and correct copy, which speaks for itself.

21. Maximus denies the allegations in Paragraph 21 of the Counterclaims as pleaded, except it admits that in March 2007 HHSC and Accenture agreed to terminate the prime contract between HHSC and Accenture.

22. Maximus denies the allegations in Paragraph 22, except admits that HHSC withheld payment from Accenture of unpaid invoices outstanding at the time the prime contract was terminated, including amounts that Maximus had invoiced to Accenture. Maximus denies the remainder of the allegations in Paragraph 22 of the Counterclaims.

23. Maximus denies the allegations in Paragraph 23 of the Counterclaims, Maximus admits that its counsel drafted the documents in Exhibits H and I, states that the documents speak for themselves and respectfully refers the Court to the complete contents thereof.

24. Maximus denies the allegations in Paragraph 24 of the Counterclaims, except admits that Maximus established a reserve against receivables for the full amount of its unpaid invoices on the project.

25. Maximus denies the allegations in Paragraph 25 of the Counterclaims, except admits that it sent the email in Exhibit J, states the contents of the email speak for themselves, and states that this email is inadmissible in under Rule 408 of the Federal Rules of Evidence.

26. Maximus denies the allegations in Paragraph 26 of the Counterclaims, except admits that it participated in the email exchange in Exhibit K, states that the contents of the emails speak for themselves, and respectfully refers the Court to the complete contents thereof.

27. Maximus denies the allegations in Paragraph 27 of the Counterclaims, except admits that it participated in the email exchange in Exhibit K, states that the contents of the emails speak for themselves, and respectfully refers the Court to the complete contents thereof.

28. Maximus denies the allegations in Paragraph 28 of the Counterclaims, except admits that it received the letter in Exhibit L, states that the contents of the letter speak for themselves, respectfully refers the Court to the complete contents thereof, and states that this letter is inadmissible in this case.

29. Maximus denies the allegations in Paragraph 29 of the Counterclaims, except admits that it participated in the email exchange in Exhibit M, states that the contents of the emails speak for themselves, and respectfully refers the Court to the complete contents thereof.

30.     Maximus denies the allegations in Paragraph 30 of the Counterclaims, except admits that Exhibit N is the Settlement Agreement.

31.     Maximus denies the allegations in Paragraph 31 of the Counterclaims.

32.     Maximus denies the allegations in Paragraph 32 of the Counterclaims, except admits that Exhibit O is a portion of a document it filed with the SEC. The contents of the document speak for themselves.

33.     Maximus denies the allegations in Paragraph 33 of the Counterclaims, Maximus admits that Exhibit P is a portion of a document it filed with the SEC. The contents of the document speak for themselves.

34.     Maximus denies the allegations in Paragraph 34 of the Counterclaims, except admits that it sent a May 5, 2010 letter to Axis seeking insurance coverage.

35.     Maximus denies the allegations in Paragraph 35 of the Counterclaims.

36.     Maximus denies the allegations in Paragraph 35 of the Counterclaims, except admits that it entered into the settlement agreements in Exhibits Q, R, and S, states the contents of the agreements speak for themselves, and respectfully refers the Court to the complete contents thereof.

## COUNT I
## DECLARATORY JUDGMENT

The Court has dismissed Count I of Defendant's Counterclaims, thus no response is required. To the extent a response is required, Maximus denies the allegations set forth in paragraphs 37-44 therein.

## COUNT II
## DECLARATORY JUDGMENT

45. Maximus incorporates by reference its responses to the allegations in paragraphs 1-44.

46. Maximus denies the allegations in Paragraph 46 of the Counterclaims.

47. Maximus denies the allegations in Paragraph 47 of the Counterclaims.

48. Maximus denies the allegations in Paragraph 48 of the Counterclaims.

49. Maximus denies the allegations in Paragraph 49 of the Counterclaims.

50. Maximus admits the allegations in Paragraph 50 of the Counterclaims.

51. Maximus denies the allegations in Paragraph 51 of the Counterclaims.

## COUNT III
## DECLARATORY JUDGMENT

52. Maximus incorporates by reference its responses to the allegations in paragraphs 1-51.

53. Maximus denies the allegations in Paragraph 53 of the Counterclaims.

54. Maximus denies the allegations in Paragraph 54 of the Counterclaims.

55. Maximus denies the allegations in Paragraph 55 of the Counterclaims.

56. Maximus denies the allegations in Paragraph 56 of the Counterclaims.

57. Maximus admits the allegations in Paragraph 57 of the Counterclaims.

58. Maximus denies the allegations in Paragraph 58 of the Counterclaims.

## COUNT IV
## DECLARATORY JUDGMENT

59. Maximus incorporates by reference its responses to the allegations in paragraphs 1-58.

60. Maximus denies the allegations in Paragraph 60 of the Counterclaims.

61. Maximus denies the allegations in Paragraph 61 of the Counterclaims.

62. Maximus denies the allegations in Paragraph 62 of the Counterclaims.

63. Maximus denies the allegations in Paragraph 63 of the Counterclaims.

64. Maximus admits the allegations in Paragraph 64 of the Counterclaims.

65. Maximus denies the allegations in Paragraph 65 of the Counterclaims.

## COUNT V
## DECLARATORY JUDGMENT

66. Maximus incorporates by reference its responses to the allegations in paragraphs 1-65.

67. Maximus denies the allegations in Paragraph 67 of the Counterclaims.

68. Maximus denies the allegations in Paragraph 68 of the Counterclaims.

69. Maximus denies the allegations in Paragraph 69 of the Counterclaims.

70. Maximus denies the allegations in Paragraph 70 of the Counterclaims.

71. Maximus denies the allegations in Paragraph 71 of the Counterclaims.

72. Maximus admits the allegations in Paragraph 72 of the Counterclaims.

73. Maximus denies the allegations in Paragraph 73 of the Counterclaims.

## COUNT VI
## DECLARATORY JUDGMENT

74. Maximus incorporates by reference its responses to the allegations in paragraphs 1-73.

75. Maximus denies the allegations in Paragraph 75 of the Counterclaims.

76. Maximus denies the allegations in Paragraph 76 of the Counterclaims.

77. Maximus denies the allegations in Paragraph 77 of the Counterclaims.

78. Maximus admits the allegations in Paragraph 78 of the Counterclaims.

79. Maximus denies the allegations in Paragraph 79 of the Counterclaims.

## COUNT VII
## DECLARATORY JUDGMENT

80. Maximus incorporates by reference its responses to the allegations in paragraphs 1-79.

81. Maximus denies the allegations in Paragraph 81 of the Counterclaims.

82. Maximus denies the allegations in Paragraph 82 of the Counterclaims.

83. Maximus admits the allegations in Paragraph 83 of the Counterclaims.

84. Maximus denies the allegations in Paragraph 84 of the Counterclaims.

## FIRST DEFENSE

Axis fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Axis' Counterclaims are barred by the provisions of the Axis Excess Policy, including the provisions of the underlying policies to the extent they are incorporated into the Axis Excess Policy.

## THIRD DEFENSE

Axis' Counterclaims are barred by the doctrines of laches and estoppel.

## FOURTH DEFENSE

Axis' Counterclaims are barred by the doctrine of waiver.

## FIFTH DEFENSE

Axis' Counterclaims are barred by the doctrine of unclean hands.

## SIXTH DEFENSE

Axis' Counterclaims are barred as a matter of public policy.

## SEVENTH DEFENSE

Axis' Counterclaims are barred because its liability arises from its own acts or failures to act.

## EIGHTH DEFENSE

Axis' Counterclaims are procedurally improper because they are mere defenses to liability.

## NINTH DEFENSE

The Counterclaims are written in conclusory terms, and Maximus cannot fully anticipate all applicable defenses. Accordingly, the right to assert additional defenses is reserved.

WHEREFORE, Maximus respectfully requests this Court:

1. Enter a judgment in favor of Maximus as requested in Maximus' complaint;

2. Enter a judgment denying Axis' counterclaims in their entirety.

3. Enter a judgment awarding Maximus any other relief that the Court deems just and proper under the circumstances.

Dated: March 26, 2012.

                    /s/ Craig C. Reilly
                    Craig C. Reilly, Esq. (VSB # 20942)
                    111 Oronoco Street
                    Alexandria, Virginia 22314
                    TEL:   (703) 549-5354
                    FAX:   (703) 549-2604
                    EMAIL: craig.reilly@ccreillylaw.com
                    *Counsel for plaintiff Maximus, Inc.*

*Of Counsel for plaintiff Maximus, Inc.:*

Michael K. Lowman (VSB # 41663)
mlowman@jenner.com
Matthew Jacobs (admitted *pro hac vice*)
mjacobs@jenner.com
JENNER & BLOCK LLP
1099 New York Ave., N.W., Suite 900
Washington, D.C. 20001
Phone: 202-639-6000
Fax: 202-639-6066

CERTIFICATE OF SERVICE

       I hereby certify that on this 26th day of March, 2012, a true and correct copy of the foregoing pleading or paper was served using the Court's CM/ECF system, with electronic notification of such filing to the following counsel of record:

James F. Rittinger (admitted *pro hac vice*)
Justin E. Klein (admitted *pro hac vice*)
SATTERLEE STEPHENS BURKE
& BURKE LLP
230 Park Avenue
New York, New York 10169
(212) 818-9200 (Phone)
(212) 818-9606 (Fax)
*Counsel for defendant Axis Reinsurance Co.*

Stephen R. Pickard
115 Oronoco Street
Alexandria, VA 22314
(703) 836-3505
(703) 836-3558
srpickard@aol.com
*Counsel for defendant Axis Reinsurance Co.*

      /s/ Craig C. Reilly
      Craig C. Reilly VSB # 20942
      111 Oronoco Street
      Alexandria, Virginia 22314
      TEL:   (703) 549-5354
      FAX:  (703) 549-2604
      EMAIL: craig.reilly@ccreillylaw.com
      *Counsel for plaintiff Maximus, Inc.*