**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| MAXIMUS, INC. <br><br> Plaintiff, <br><br> v. <br><br> TWIN CITY FIRE INSURANCE CO. *and* AXIS REINSURANCE CO. <br><br> Defendants. | Case No. 1:11CV1231-LMB/TRJ |

**MOTION FOR LEAVE TO MAKE SUPPLEMENTAL FILINGS**

Pursuant to Federal Civil Rule 56(d), and Local Civil Rules 7(F)(1) and 56, plaintiff, Maximus, Inc. ("Maximus"), seeks leave to file additional, previously unavailable evidence and a supplemental brief in opposition to the first motion for summary judgment filed by defendant Axis Reinsurance Co. ("Axis"). In support of this motion, Maximus states as follows:

1. On February 13, 2012, Axis filed its first motion for summary judgment (Doc. 47). In its brief in opposition, Maximus pointed out that discovery had not been completed and that subpoenas to the State of Texas Health and Human Services Commission ("HHSC") and Accenture LLP ("Accenture") had been served, but responses had not yet been received (Doc. 54).

2. In its reply brief, Axis also put forth considerable analysis and case law it had never previously raised to argue that (i) that, as a matter of law, up to $21.9 million in work that was payable to Maximus, but forgiven by Maximus as part of the three-way settlement between HHSC, Accenture, and Maximus ("Forgiven Invoices"), did not satisfy the policy language as

damages that Maximus was "legally obligated to pay," and (ii) that even if the Forgiven Invoices were damages, the amount was "speculative" and there was "no evidence" to support any recovery (Doc. 62).

3. Just prior to the March 16th hearing, HHSC and Accenture had finally begun producing documents in response to Maximus' subpoenas. As explained in the proposed supplemental filings, these new documents are probative of (and entirely refute) the arguments made by Axis that all the Forgiven Invoices were "disputed" and that the approved amount of the Forgiven Invoices was "speculative" or lacked evidentiary support. Moreover, Axis included new analysis and case authority in its reply brief in support of its summary judgment motion. Maximus intended to submit additional authority that counters Axis' reply brief at the March 16th hearing as well. During the March 16th hearing, the Court suspended argument and ordered the matter to Magistrate Judge Jones for mediation. Thus, Maximus was unable either to proffer the HHSC and Accenture documents or to address the new legal analysis in Axis' reply brief.

4. Under Rule 56, summary judgment may be entered only "after adequate time for discovery" has been allowed to the nonmoving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A party should not be "'railroaded' by a premature motion for summary judgment," and any such problem may be dealt with under current Rule 56(d). *Id*. at 326 (citing former Rule 56(f)). Here, Maximus had identified specific sources of proof—the HHSC and Accenture subpoenas— that were then outstanding, and which were expected to lead to the discovery of probative evidence (Doc. 54, at 14-20). Maximus respectfully requests that the Court accept its supplemental filing which attaches and explains these newly available and significantly probative documents.

5. Under Local Civil Rules 7(F)(1) and 56, the Court limits the parties' briefing to an opening brief and reply brief from the movant, and an opposition brief from the nonmovant.

E.D. VA. CIV. R. 7(F)(1).  Additional briefs and submissions are not permitted "without obtaining leave of the Court."  *See LG Electronics v. Advance Creative Computer Corp.*, 131 F. Supp. 2d 804, 808-09 (E.D. Va. 2001).  Maximus respectfully requests that the Court give leave to make additional legal argument in its supplemental filing, limited to responding to the new legal analysis and authorities cited in Axis' reply brief (Doc. 62).

WHEREFORE, Maximus respectfully requests that the Court accept its supplemental filing of additional probative evidence and additional legal argument on these pivotal issues.  The proposed filings are submitted with this filing.  A proposed order is attached.

*MAXIMUS DOES NOT REQUEST ORAL ARGUMENT ON THIS MOTION.*

Dated:  April 12, 2012.

/s/ Craig C. Reilly
Craig C. Reilly, Esq. (VSB # 20942)
111 Oronoco Street
Alexandria, Virginia 22314
TEL:   (703) 549-5354
FAX:   (703) 549-2604
EMAIL: craig.reilly@ccreillylaw.com
*Counsel for plaintiff Maximus, Inc.*

*Of Counsel for plaintiff Maximus, Inc.:*

Michael K. Lowman (VSB # 41663)
mlowman@jenner.com
Matthew Jacobs (admitted *pro hac vice*)
mjacobs@jenner.com
JENNER & BLOCK LLP
1099 New York Ave., N.W., Suite 900
Washington, D.C. 20001
Phone:  202-639-6000
Fax:  202-639-6066

3

**CERTIFICATE OF SERVICE**

   I hereby certify that on this 12th day of April 2012, a true and correct copy of the foregoing pleading or paper was served using the Court's CM/ECF system, with electronic notification of such filing to the following counsel of record:

| | |
|---|---|
| Stephen R. Pickard<br>115 Oronoco Street<br>Alexandria, VA 22314<br>(703) 836-3505<br>(703) 836-3558<br>srpickard@aol.com<br>*Counsel for defendant Axis Reinsurance Co.* | *Of Counsel:*<br><br>SATTERLEE STEPHENS BURKE<br> & BURKE LLP<br>James F. Rittinger (admitted *pro hac vice*)<br>Justin E. Klein (admitted *pro hac vice*)<br>230 Park Avenue<br>New York, New York 10169<br>(212) 818-9200 (Phone)<br>(212) 818-9606 (Fax)<br>*Counsel for defendant Axis Reinsurance Co.* |

    /s/ Craig C. Reilly
   Craig C. Reilly VSB # 20942
   111 Oronoco Street
   Alexandria, Virginia 22314
   TEL: (703) 549-5354
   FAX: (703) 549-2604
   EMAIL: craig.reilly@ccreillylaw.com
   *Counsel for plaintiff Maximus, Inc.*